# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Edward Smith,
    Petitioner,

    vs.                                    Case No. 1:07cv32
                                                (Spiegel, S.J.; Black, M.J.)

Edwin Voorhies, Jr.,
    Respondent.

## REPORT AND RECOMMENDATION

       Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility in Lucasville, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In the petition, petitioner challenges his incarceration based on his 1999 murder conviction in the Hamilton County, Ohio, Court of Common Pleas, which resulted in a prison sentence of fifteen (15) years to life. (*See id. &* Ex. O). This matter is before the Court on respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit (Doc. 5), and petitioner's opposition thereto (Doc. 6).

       It appears from the record presented that this is not the first federal habeas corpus petition filed by petitioner attacking his 1999 conviction and sentence. In the first petition filed with this Court on November 11, 2001, petitioner asserted ten grounds for relief; the petition was denied with prejudice on September 2, 2004 when the Court adopted a Report and Recommendation to dismiss four of the claims on procedural waiver grounds and to deny the remaining six claims on the

merits.  (*See* Doc. 5, Ex. 2; *see also Edward Smith v. Anthony Brigano,* No. 1:01cv814 (Dlott, J.; Black, M.J.), Docs. 20, 25-26).  The Court denied petitioner's subsequent motions for reconsideration and for leave to appeal *in forma pauperis*, and on June 2, 2005, the Sixth Circuit denied petitioner's application for certificate of appealability "as to all issues."  (Doc. 5, Ex. 3; *see also Edward Smith v. Anthony Brigano,* No. 01cv814, Docs. 31, 32, 34, 35, 38, 40).

The instant petition was filed on January 17, 2007.  (Doc. 1).  Respondent has filed a motion requesting the Court to transfer the petition to the United States Court of Appeals for the Sixth Circuit on the ground that it constitutes a "successive petition," which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244([b])(3)(A).  (Doc. 5, Brief, p. 2).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein), *cert. denied,* 528 U.S. 1162 (2000).  Moreover, not all subsequent petitions relating to the same conviction or sentence are considered "successive."  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever

obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition does not constitute a "successive" petition within the meaning of the statute where the claim was raised in the first petition but was dismissed as premature, *id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States District Court for the Northern District of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D.Cal. Jan. 9, 1995) (unpublished)). In all these contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998).

Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Mack v. Shannon,* No. Civ.A. 04-3814, 2005 WL 182724, at *2 (E.D. Pa. Jan. 26, 2005) (unpublished); *Anders v. Cockrell,* No. 3-02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (unpublished); *Cate v. Ayers,* No. CIV.S010384WBSJFMP, 2001 WL 1729214, at *3-4 (E.D. Cal. Dec. 28, 2001) (unpublished) (and cases cited therein).

Here, it is clear from the face of the instant petition that petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 1). The Court's decision denying the prior petition on waiver and merit-based review constituted an adjudication on the merits. Therefore, the instant

3

petition is successive within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)).

Accordingly, it is hereby **RECOMMENDED** that respondent's motion to transfer the petition to the Sixth Circuit "for its review and determination of whether [the] current petition should proceed" (Doc. 5) be **GRANTED**.


Date: 6/28/07                           **/s/Timothy S. Black**

   cbc                               Timothy S. Black
                                        United States Magistrate Judge


K:\BRYANCC\2007 habeas orders\07-32transfer6thcir-grantmtn.successive.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Edward Smith,
    Petitioner,

             v.

Edwin Voorhies, Jr.,
    Respondent.

Case No. 1:07cv32
(Spiegel, S.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).