UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  | : |  |
|---|---|---|
| EDWARD SMITH, | : | NO. 1:07-CV-00032 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : |  |
|  | : | **OPINION AND ORDER** |
| EDWIN VOORHIES, JR, Warden, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 7) and Petitioner's Objection (doc. 8). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and GRANTS Respondent's Motion to Transfer Petition to Sixth Circuit Court of Appeals.

**I.  Background**

Petitioner was convicted of murder with a firearms specification in the Hamilton County, Ohio, Court of Common Pleas on Aug. 11, 1999 (doc. 1). Petitioner filed a petition for a writ of habeas corpus on November 26, 2001, which the Court denied on September 2, 2002 (doc. 5). The Sixth Circuit then denied Petitioner's motion for a certificate of appealability on June 2, 2005 (Id.).

Petitioner filed his current petition for habeas relief January 17, 2007 (doc. 1). Respondent has filed a motion to

transfer consideration of the petition to the Sixth Circuit Court of Appeals for a determination of whether the petition falls within an exception to the 18 U.S.C. § 2244(b)(2) prohibition against successive petitions (doc. 5).

## II.  The Magistrate Judge's Report and Recommendation

After reviewing Petitioner's grounds for relief and Respondent's motion, the Magistrate Judge found that the petition should be transferred to the Court of Appeals for further consideration (doc. 7).  The Magistrate Judge found that the petition did not fall into any of those categories of subsequent petitions that are not "successive" for purposes of 18 U.S.C. § 2244(b)(2) (Id.).  As Petitioner is challenging the same conviction and sentence, and the Court's prior decisions denying the original petition constituted an adjudication on the merits, the Magistrate Judge recommended that the petition be referred to the Sixth Circuit for consideration (doc. 7).

## III. Petitioner's Objections

Petitioner objects to the Magistrate Judge's Report and Recommendation (doc. 8).  Petitioner asserts that his sentence on the firearm specification was made pursuant to 18 U.S.C. 924(c), and sought to challenge his sentence on several grounds stemming from that assertion (Id.).  First, he argues that his sentence on the alleged 18 U.S.C. 924(c) violation was a separate sentence that he had not previously challenged (Id.).  Second, he argues that the

2

State of Ohio lacked jurisdiction to prosecute, convict, and sentence him for violation of a Federal statute (Id.). Third, he seeks to challenge his conviction under <u>Bailey v. United States</u>, 516 U.S. 137 (1995), arguing that the prosecution had not proven actual use of the firearm rather than mere possession (doc. 8). Petitioner argued that to prevent him from raising this <u>Bailey</u> claim would amount to a miscarriage of justice, because <u>Bailey</u> is not a constitutional rule, but only a rule of statutory construction, and therefore could not have been brought in his original habeas petition (Id.)

## IV. Discussion

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct.

A federal district court may not consider a second or successive habeas petition. 28 U.S.C. § 2244(b)(2). Not every habeas petition filed subsequent to the denial of an initial petition is a successive petition, however. <u>See</u> <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998). A subsequent habeas petition must relate to the same conviction or sentence that was attacked in the original petition to be "successive." <u>See</u> <u>In re Page</u>, 179 F.3d 1024 (7th Cir. 1999). The initial petition must also have been decided on the merits. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473. A habeas petition that is dismissed on procedural grounds

3

does not bar consideration of a subsequent petition by the district court. See Id. For example, later petitions have not been deemed "successive" when the original petition was dismissed for failure to exhaust state court remedies. See Slack v. McDaniel, 529 U.S. 473 (2000); Carlson v. Pitcher, 137 F.3d 416 (6th Cir. 1998). Similarly, a dismissal for failure to pay the filing fee did not bar district court consideration of a subsequent claim. See Stewart, 523 U.S. 637 (1998). However, a dismissal for grounds of procedural default constitutes a decision "on the merits," and a petitioner must seek authorization from the Court of Appeals before filing a subsequent petition for habeas relief. In re Cook, 215 F.3d 606 (6th Cir. 2000); Carter v. United States, 150 F.3d 202 (2nd Cir. 1998).

Petitioner's current application for habeas relief attacks the same conviction and sentence as his original petition (doc. 1). The original petition raised ten grounds for relief (Id.).  Of these, six were dismissed on their merits (Id.).  The remaining four were dismissed on the basis of procedural waiver; Petitioner had either not fairly presented the claims to the state courts, or he had failed to raise them at all (Id.).  A dismissal based on procedural default is considered an adjudication on the merits for the purposes of determining whether a subsequent petition is successive. In re Cook, 215 F.3d at 606.  As Petitioner's initial petition attacked the same conviction and sentence as his current

4

petition, and as the initial petition was disposed of on the merits, the current petition is successive under 28 U.S.C. § 2244(b)(2), and this Court does not have jurisdiction to consider the merits of the claims raised.

Petitioner's objection misidentifies the firearm specification under which he was convicted and sentenced.  18 U.S.C. § 924(c) is a federal firearms sentencing specification.  It imposes sentences ranging from five to twenty-five years on any person who uses, carries, or possesses a firearm during or in furtherance of any crime of violence or drug trafficking offense.  Bailey v. United States interpreted "use" in this statute to require "active employment" of the firearm, such as brandishing, displaying, or most obviously, firing it. 516 U.S. 137.  However, Petitioner was tried and convicted in state court of a state crime. The relevant sentencing specification is O.R.C. 2941.145, imposing a mandatory three year sentence to be served consecutively if the offender used a firearm during the offense.  Petitioner's reliance on 18 U.S.C. § 924(c) and cases interpreting it is therefore misplaced.  Even if 18 U.S.C. § 924(c) was at issue in this case, Petitioner's objection does not address the issue at hand.  No reasons are offered to explain why the current petition does not constitute a successive petition under 28 U.S.C. § 2244(b)(2), and Petitioner's objection is therefore overruled.

**V.    Conclusion**

        For the aforementioned reasons, this Court OVERRULES the Petitioner's Objections (doc. 8) and ADOPTS the Magistrate Judge's Report and Recommendation (doc. 7), and GRANTS Respondent's Motion to Transfer Petition to Sixth Circuit Court of Appeals. <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997) ("District courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255").


SO ORDERED.


Dated: September 11, 2007        /s/ S. Arthur Spiegel_____

                                 S. Arthur Spiegel
                                 United States Senior District Judge